UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KAI KUNZ,<br>    Plaintiff,<br><br>v.<br><br>MASSHEALTH,<br>MASSHEALTH INTEGRITY UNIT,<br>OFFICER JARROD WOELLER,<br>MAPFRE INSURANCE,<br>LIBERTY MUTUAL INSURANCE, and<br>JEROMY GRNIET,<br>    Defendant. | Civil Action No.<br>4:21-cv-40021-TSH |

## ORDER

**HILLMAN, J.**

  1. On March 24, 2021, Plaintiff Kai Kunz's ("Kunz") filed an Amended Complaint as Orderd by the Court. Am. Compl., ECF No. 8. Because Kunz is proceeding in forma pauperis, his amended complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). In conducting this initial review, the Court liberally construes the amended complaint because he is proceeding *pro se. Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).

  2. All claims against defendants MassHealth and MassHealth Integrity Unit are DISMISSED under Eleventh Amendment Sovereign Immunity and for failure to state a claim. As this Court recently explained, "[c]laims against the Commonwealth of Massachusetts . . . are barred by sovereign immunity under the Eleventh Amendment to the United States Constitution." *Laura v. Massachusetts*, CV 18-40136-TSH, 2018 WL 3862701, at *1 (D. Mass. Aug. 14, 2018), aff'd sub nom. *Laura v. Kenton-Walker*, 18-2033, 2019 WL 10379513 (1st Cir.

Oct. 16, 2019). Specifically, '[a] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment'" to the United States Constitution. *Davidson v. Howe*, 749 F.3d 21, 27 (1st Cir. 2014) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). MassHealth is the Commonwealth's Medicaid program administered by the Executive Office for Health and Human Services. *See Goldman v. Sec. of Exec. Off. of Health and Human Services*, 2084CV01604, 2021 WL 956035, at *2 (Mass. Super. Mar. 10, 2021). Logically, the MassHealth Integrity Unit is apparently a unit within that agency. As components of a state agency, to the extent they are subject to suit, they are entitled to the protection of Eleventh Amendment sovereign immunity. *See* Mass. Gen. Laws ch. 118E §§ 1, 9A; *Wilson v. Exec. Off. of Health and Human Services*, 606 F. Supp. 2d 160, 162 (D. Mass. 2009) (Office of Health and Human Services is a state agency entitled to Eleventh Amendment sovereign immunity). The Commonwealth has not consented to suit under 42 U.S.C. § 1983 in its own or the federal courts, *see Woodbridge v. Worcester State Hosp.*, 384 Mass. 38, 44–45 (1981), and Section 1983 does not abrogate a state's immunity from suit in federal court. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect....").

Eleventh Amendment Sovereign Immunity applies to the claims against MassHealth and MassHealth Integrity Unit brought under Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.,* as well. *See Manuel v. Maine*, 1:18-CV-00300-LEW, 2018 WL 5778403, at *5 (D. Me. Nov. 2, 2018)); *Naples v. Stefanelli,* 972 F. Supp. 2d 373, 390 (E.D.N.Y. 2013); *Vierria v. California Hwy. Patrol*, 644 F. Supp. 2d 1219, 1232 (E.D. Cal. 2009). Accordingly, such claim is dismissed.

As to state law claims, while the Commonwealth has waived its sovereign immunity to certain state law tort claims, it has not waived its immunity to suit in federal court. *See Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003) ("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court.").

Finally, Kunz's claim apparently brought under Title II of the Americans with Disabilities Act, 42 U.S.C. §12132 fails to state a claim upon which relief can be granted against MassHealth and MassHealth Integrity Unit. "Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Syrjala v. Town of Grafton*, CV 18-40019-TSH, 2020 WL 1429854, at *10 (D. Mass. Mar. 24, 2020) (quoting 42 U.S.C. § 12132). "The basic elements for either claim that a plaintiff must prove are (1) <u>that he or she is a qualified person with a disability</u>; (2) that he or she is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program; and (3) <u>the denial or discrimination was because of his or her disability.</u>" *Id.* There are no <u>plausibly</u> pleaded allegations that Kunz <u>is disabled</u> or is being discriminated against or denied services by these particular defendants <u>because</u> of a disability by these defendants.

3. The Clerk shall issue summonses for service of the complaint on the remaining defendants. The Clerk shall send the summonses, complaint, and this Order to Kunz, who must thereafter serve the remaining defendants in accordance with Federal Rule of Civil Procedure 4(m). Kunz may elect to have service made by the United States Marshals Service. If directed by Kunz to do so, the United States Marshals Service shall serve the summonses, complaint, and this Order upon the remaining defendants, in the manner directed by Kunz, with all costs of

service to be advanced by the United States. Notwithstanding this Order to the United States Marshal Service, it remains Kunz's responsibility to provide the United States Marshals Service with all necessary paperwork and service information. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, Kunz shall have 90 days from the date of this Order to complete service.

4. Failure to comply with this Order will result in the dismissal of this action.

**So Ordered.**

Dated: March 31, 2021

/s/ Timothy S. Hillman
United States District Judge